**In re Timothy John LIVINGSTON, and Jo Deborah Livingston, Debtors.**

**Lawrence JARVIS, Individually and as Custodian for James L. Jarvis, Carrie A. Jarvis, and Rebecca Jarvis, Movant,**

v.

**Timothy John LIVINGSTON, Respondent.**

Bankruptcy No. 96–13320–JEY.
CM No. 97–24.

United States Bankruptcy Court,
D. New Hampshire.

Jan. 14, 1997.

Geraldine Karonis, Assistant U.S. Trustee, Manchester, NH, for UST J. Christopher Marshall.

Steven Notinger, Trustee, Donchess & Notinger, Nashua, NH.

Diane M. Puckhaber, Rogers & Puckhaber, Concord, NH, for Debtors Jo Livingston, Timothy Livingston.

Brenda C. Smith–Weiss, Connor, Smith–Weiss & Moore, Nashua, NH, Thomas H. Tucker, McGowan, Engel, Tucker, Garrett & Schultz, Boston, MA, for Interested Party Lawrence Jarvis.

## ORDER ON MOTION FOR RELIEF

JAMES E. YACOS, Chief Judge.

This chapter 7 case came before the Court on January 13, 1997 for hearing on a Motion for Relief from Automatic Stay, filed on January 9, 1997 by Lawrence Jarvis individually and as custodian for James L. Jarvis, Carrie A. Jarvis, and Rebecca Jarvis. Mr. Jarvis seeks relief to proceed with some pending arbitration proceedings against the debtor Timothy Livingston and a number of other defendants relating to alleged securities fraud transactions. The Chapter 7 Trustee, Steven M. Notinger, has filed an Objection, and counsel for the debtors indicated at the hearing that they also object to the relief requested, although they did not have sufficient time to file a written objection.

The legal proceedings were initiated in April of 1995, and four arbitration hearings were conducted in August and September of 1996, prior to the debtors' bankruptcy filing on November 21, 1996. Further arbitration hearings are tentatively scheduled for January 15–16, 1997 and for two days in February of 1997. Mr. Jarvis contends that Mr. Livingston is bound by an agreement to have

this matter resolved by arbitration, and that the principles of enforcing arbitration agreements notwithstanding pending bankruptcy proceedings, which were enunciated by this Court in *In re Chorus Data Systems, Inc.,* 122 B.R. 845 (Bankr.D.N.H.1990), mandate that the movant be granted relief from the automatic stay so that he may proceed against the debtor Timothy Livingston in the ongoing arbitration hearings.

While some issue has been raised as to the validity and enforceability of the arbitration agreement, I will assume for present purposes that this debtor is in fact bound by the arbitration agreement. In *Chorus Data Systems, supra,* this Court ruled in a lengthy opinion that the Arbitration Act is a statute that is to be enforced unless the trustee or debtor in the bankruptcy proceeding can show a clear conflict with a specific provision or underlying purpose of the Bankruptcy Code. In *Chorus Data Systems* I granted stay relief and allowed the arbitration to proceed. The *Chorus Data Systems* case involved a chapter 11 reorganization in which the debtor-in-possession was embroiled with arbitration proceedings prebankruptcy in which Mitisbuishi Electronics had brought them into arbitration under an arbitration agreement and the debtor had filed a counterclaim in the arbitration proceeding. Mitisbuishi filed a proof of claim in the bankruptcy court but sought relief to allow its claim and the debtor's counterclaim to be adjudicated in the arbitration proceeding. By granting relief I allowed that to happen after I found that there was no conflict with the timetable for the reorganization plan on the particular facts of that case and there was therefore no ground that the debtor could show to bar enforcement of the arbitration clause.

The present case is a chapter 7 individual liquidation proceeding in which the debtors have listed Mr. Jarvis' debt among others on their Schedule of Creditors filed with their bankruptcy petition, and the debtors therefore are seeking a discharge of Mr. Jarvis' debt. It is normally of no moment to the debtors in such as case that a particular claim is allowed in any particular amount as long as the question of the dischargeability of

that claim is not raised. The facts in the present case indicate that fraud will be an essential element in one way or another in the proceedings before the arbitrators relating to this debtor as well as the other defendants. The Bankruptcy Code in section 523(c) provides that the Bankruptcy Court has exclusive jurisdiction to determine the dischargeability or nondischargeability of fraud-type claims and, pursuant to Bankruptcy Rule 4007(c), a creditor must file an adversary complaint seeking such a determination within 60 days of the first date set for the meeting of creditors in the case. The deadline for filing such complaints in this case is February 28, 1997. This exclusive jurisdiction and time limitation regarding the determination of dischargeability of fraud-type claims differs from dischargeability determinations concerning other types of claims, which determinations share concurrent jurisdiction with the state courts or other federal courts.

The issue therefore is whether stay relief should be granted here to permit a judgment to be obtained concerning a debt that was allegedly induced by fraud. Because the determination of fraud nondischargeability is within the exclusive jurisdiction of this Court the answer to that question must be in my judgment, no, and stay relief should not be granted, inasmuch as there is a demonstrated clear conflict between the provisions of the Federal Arbitration Act and the aforementioned specific provisions of the Bankruptcy Code. However, the fact that this Court denies stay relief does not mean that this debtor cannot be required to produce evidence in the arbitration proceeding assuming that he is otherwise subject to subpoena and/or deposition and this ruling should not be taken as isolating the debtor from any such evidentiary purpose. This ruling however does insulate the debtor from having to appear in a nonbankruptcy forum on an issue that can only be raised in the bankruptcy forum.

In accordance with the foregoing, the Motion for Relief from Automatic Stay, filed by Lawrence Jarvis individually and as custodi-

an for James L. Jarvis, Carrie A. Jarvis, and Rebecca Jarvis, is hereby denied.